UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMMA S., | Case No. 2:24-cv-12263 |
| *Plaintiff,* | Jonathan J.C. Grey<br>United States District Judge |
| v. | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

## REPORT AND RECOMMENDATION TO DISMISS CASE

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2 of the Local Rules for the Eastern District of Michigan.

**II.    REPORT**

    **A.    Introduction**

This case was referred to the Undersigned (ECF No. 10) for the purpose of reviewing the final decision of the Commissioner of Social Security ("Commissioner") to deny Plaintiff's claims "for Title II and/or Title XVI Social Security Disability Benefits (i.e., Social Security Disability Insurance (SSDI) and

1

Supplemental Security Income (SSI) benefits)" (ECF No. 1, PageID.2).

Under the original scheduling order, Plaintiff's motion for summary judgment was due by December 2, 2024. (ECF No. 8). However, after Plaintiff's counsel moved to withdraw on November 27, 2024 (ECF No. 11), the case was stayed for a period of time to give Plaintiff a chance to find a new attorney (ECF No. 13). No attorney entered an appearance before the expiration of the stay and Plaintiff was thus deemed to be proceeding *pro se*. (ECF No. 14).

An amended scheduling order was entered, setting the deadline of March 14, 2025, for Plaintiff's motion for summary judgment. (*Id.*). Plaintiff failed to file her motion by that date. On March 25, 2025, the Court entered an Order to Show Cause warning Plaintiff that if she did not file her motion by April 11, 2025, the Undersigned would issue a Report and Recommendation to dismiss the case with prejudice under Rule 41(b). (ECF No. 15). To date, Plaintiff has not filed anything on the docket.

B.   **Legal Standard**

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of*

*Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Additionally, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. However, before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

### C. Discussion

District courts in this Circuit employ four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (cleaned up). Here, the factors weigh in favor of dismissal.

As the Undersigned explained in a similar case involving a *pro se* Social Security claimant,

> [w]hen managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-

3

comprehended court deadlines.

*Allen o/b/o B.S.A. v. Comm'r of Soc. Sec.*, No. 20-13435, 2022 WL 604167, at *2 (E.D. Mich. Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 600861 (E.D. Mich. Feb. 28, 2022). In *Allen*, the plaintiff was warned that failure to file a motion and brief may result in dismissal. *Id.* Nevertheless, he failed to file either. As such, the Undersigned concluded that "[w]hile it is not clear that [the p]laintiff's failure to prosecute stems from willfulness or bad faith, I nonetheless suggest that [the Commissioner] should not be further prejudiced by [the p]laintiff's failure to pursue his claims[,]" and that the plaintiff's "lack of participation in the case suggests that lesser sanctions would be fruitless." *Id.* (collecting cases); *see also Black v. Comm'r of Soc. Sec.*, No. 11-13651, 2012 WL 2946318, at *1 (E.D. Mich. May 22, 2012), *report and recommendation adopted*, 2012 WL 2946289 (E.D. Mich. July 19, 2012) (recommending dismissal under Rule 41(b) after order to show cause warned that failure to file a brief could result in dismissal); *Herbers v. Comm'r of Soc. Sec.*, No. 10-15035, 2011 WL 6941716 (E.D. Mich. Oct. 4, 2011), *report and recommendation adopted*, 2012 WL 12761 (E.D. Mich. Jan. 4, 2012) (same).

In this case, Plaintiff's motion for summary judgment was due on April 11, 2025, but Plaintiff has yet to file anything. In addition, Plaintiff was specifically warned that the case may be dismissed if she failed to adhere to this deadline. While it is not clear whether Plaintiff's failure to prosecute stems from willfulness or bad

4

faith, I nonetheless recommend dismissal because the Commissioner should not be further prejudiced by Plaintiff's failure to pursue her claims. Finally, as in *Allen o/b/o B.S.A.*, Plaintiff's lack of participation in the case suggests that lesser sanctions would be fruitless. *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"); *see also Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts.").

In sum, the Undersigned recommends that this case be dismissed for failure to prosecute. This outcome is both appropriate in this case as well as consistent with the prevailing practice throughout this Circuit. *See, e.g.*, *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (dismissing with prejudice for failure to prosecute under 41(b)); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31,

2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)).

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** this case *sua sponte* under Federal Rule 41(b) and Local Rule 41.2 for failure to prosecute.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373

(6th Cir. 1987).  According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 22, 2025                                         s/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge